# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 00-2382

MICHAEL D. COTANT,                                                         APPELLANT,

   V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS,                          APPELLEE.

Before FARLEY, IVERS, and STEINBERG, *Judges*.

## O R D E R

The appellant, through counsel, seeks review of an August 21, 2000, decision of the Board of Veterans' Appeals (Board) that denied the appellant's claim for Department of Veterans Affairs (VA) service connection, based on a theory of aggravation of a preexisting injury or disease, for degenerative joint disease of the right hip. On January 11, 2002, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) issued an opinion in *Davis (John F.) v. Principi*, 276 F.3d 1341 (Fed. Cir. 2002). In that opinion, the Federal Circuit held that 38 U.S.C. § 1153 (which requires that there be an increase in disability from such a preexisting injury or disease during service and existing at discharge in order for the presumption of aggravation to attach) was applicable in a case where the preexisting condition was ***not*** noted at entry, as provided for in 38 U.S.C. § 1111, but had been found by the Board based on clear and unmistakable evidence rebutting the presumption of sound condition established by section 1111. *Davis (John F.)*, 276 F.3d at 1343-44. The Court notes that the appellant in both his principal and reply brief in the instant case, and the Secretary in his brief, presents arguments as to whether the Board properly applied section 1153 to the appellant's appeal. Because the Federal Circuit's opinion in *Davis* may be applicable to this Court's review of the Board decision in this case, *see Brewer v. West*, 11 Vet.App. 228, 233-34 (1998) (holding that judicial decisions are generally retroactive), the Court requires further briefing from the parties addressing the relevance and impact, if any, of *Davis* regarding the instant appeal. On consideration of the foregoing, it is

ORDERED that, not later than 30 days after the date of this order, the appellant file, and serve on the Secretary, a supplemental brief addressing the impact, if any, of *Davis*, *supra*, on the appellant's appeal. It is further

ORDERED that, not later than 30 days after service of the appellant's supplemental brief, the Secretary file, and serve on the appellant, a supplemental brief in response. It is further

ORDERED that, not later than 15 days after service of the Secretary's supplemental brief, the appellant may file a reply thereto.

DATED:        February 22, 2002                    PER CURIAM.